UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MARIA TETI** | : | CIVIL ACTION |
| 579 Hamilton Avenue | : | |
| Roebling, NJ 08554 | : | CASE NO.: |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| **THE PRUDENTIAL INSURANCE COMPANY** | : | |
| **OF AMERICA** | : | |
| 290 West Mount Pleasant Avenue | : | |
| Livingston, NJ 07039 | : | |
| | : | |
| Defendant | : | |

## PRELIMINARY STATEMENT

1.	Plaintiff, Maria Teti, brings this action to seek resumption of long-term disability benefits from The Prudential Insurance Company of America (hereinafter "Prudential"), administrator and funding source of the NRI Data & Business Products, Inc. Long-Term Disability Plan (the "Plan"). Even though Maria Teti remains totally disabled, Prudential stopped paying her long-term disability benefits on or about August 31, 2009, in violation of the terms of the Plan and of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). There was a conflict-of-interest in the decision by Prudential to terminate Maria Teti's long-term disability benefits because Prudential both makes eligibility determinations about payment of benefits and is the funding source for those benefits. Maria Teti seeks declaratory and injunctive relief and the benefits due her.

## JURISDICTION AND VENUE

2.	This Court has jurisdiction over this matter under §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), and §502(e)(1) of ERISA, 29 U.S.C.:1132(e)(1).

3.	This Court also has jurisdiction over this matter under 28 U.S.C. §1331 because plaintiff's action arises under the federal ERISA statute, 29 U.S.C. §1001 et seq.

4. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202, by Federal Rules of Civil Procedure 57 and 65(a), and by §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

5. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2), because the breach took place in this District.

## PARTIES

**A.    Plaintiff**

6. Plaintiff Maria Teti resides at 579 Hamilton Avenue, Roebling, NJ 08554.

7. At the time of her disability, Maria Teti was a full-time employee of NRI Data & Business Products, Inc. and, thus, covered by its Long-Term Disability Plan, policy number PVIB-01 (hereinafter the "Plan").  A true and correct copy of the Plan is attached as Exhibit "A."

**B.    Defendants**

8. Defendant, Prudential is an insurance company and corporation duly authorized to sell disability insurance in the Commonwealth of Pennsylvania and is located at 290 West Mount Pleasant Avenue, Livingston, NJ 07039 and maintains corporate headquarters at One Prudential Plaza, Newark, NJ 07102.

9. Prudential makes all eligibility and disability determinations for employees of the NRI Data & Business Products, Inc. under the Plan.

10. The Plan is an "employee welfare benefit plan," as that term is defined at 29 U.S.C. §1002(1).

11. Under the Plan, defendant Prudential is a fiduciary as that term is defined at 29 U.S.C. §1002(21)(A).

12. Prudential pays all long-term disability benefits directly to any eligible employee covered under their Plan.

13. NRI Data & Business Products, Inc. is the Plan Sponsor as that term is defined at 29 U.S.C. §1002(16)(B), and Prudential has been designated as Plan Administrator as that term is defined at 29 U.S.C. §1002(16)(A).

## STATEMENT OF FACTS

14. In April, 2008, Maria Teti was working as full-time customer service representative for NRI Data & Business Products, Inc.

15. In April, 2008, Maria Teti suffered a stroke.

16. Since the stroke, Maria Teti has been evaluated by numerous different medical specialists for the residual problems she is plagued with as a result of her stroke.

17. On or about July 30, 2010, Maria Teti received formal notice from the Social Security Administration that she was declared disabled by the Social Security Administration effective May 16, 2008. Specifically, the Social Security Administration found that Maria Teti became disabled as a result of her stroke. She continues to receive Social Security payments for her total disability.

18. At all relevant times relevant hereto, Maria Teti was an employee of the NRI Data & Business Products, Inc. and covered under the Plan.

19. Shortly after suffering a stroke, Maria Teti was granted disability benefits under the Plan.

20. Maria Teti has been unable to work following her stroke. Maria Teti did attempt to work part-time following her stroke but was unable to do so.

21. At all times relevant hereto, Maria Teti met the definition of "total disability" under the Plan.

22. At all times relevant hereto, Maria Teti was not able, because of her stroke, to work at any reasonable occupation as that term is defined in the Plan.

23. On September 18, 2009, Prudential issued notice that it was terminating the benefits paid to Maria Teti under the Plan effective August 31, 2009.

24. The decision to terminate the benefits was not based upon any examining physician's review. Specifically, Prudential never requested that Maria Teti submit to a physical examination.

25. Despite the fact that all of Maria Teti's treating physicians felt she was disabled from working, Prudential took the position she was capable of working.

26. Prudential's decision that Maria Teti was capable of working was not based on any medical doctor's opinion.

27. The decision to terminate the benefits was not based on any objective evidence.

28. Prudential made that termination decision without any prior notice to Maria Teti.

29. Maria Teti appealed the decision to terminate her long-term disability benefits under the Plan.

30. On or about January 7, 2011, Prudential sent correspondence to Maria Teti informing her that her "second request for reconsideration" was denied and, furthermore, that the decision was final and unappealable.  Maria Teti was also advised of her right to file a lawsuit.

31. Prudential's decision to terminate the long-term disability benefits of Maria Teti was in direct conflict with the opinions of her treating physicians, whom have declared her disabled.

32. Prudential's decision to terminate benefits for Maria Teti contradicts the declaration of disability by the Social Security Administration.

33. The disability determination by the Social Security Administration contradicts the termination determination made by Prudential.  As a result of its conflict-of-interest, Prudential has ignored all of the medical evidence that substantiated Maria Teti's disability claim.

34. As a result of its conflict-of-interest, Prudential acted in an arbitrary and capricious manner.

35. Maria Teti has fulfilled the definition of disability and any and all requisite proof of her disability has been offered to Prudential who has wrongfully and in violation of the terms of the policy refused to make long-term disability benefit payments.

36. Maria Teti has performed all of the conditions of the policy.

37. At all times, Prudential acted in an arbitrary and capricious manner and for the express purpose of benefitting Prudential at the expense and prejudice of Maria Teti.

**FIRST CLAIM FOR RELIEF**

38. Plaintiff incorporates paragraphs 1 through 37 as if fully set forth at length herein.

39. Maria Teti meets the eligibility requirements for long-term disability benefits under the Plan.

40. Although she remains totally disabled, Prudential wrongfully stopped paying long-term disability benefits to Maria Teti as of August 31, 2009.

41. Since August 31, 2009, Prudential has refused to pay Maria Teti the long-term disability benefits due her under the Plan, in violation of Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

42. Maria Teti has performed all the conditions of the policy.

**PRAYER FOR RELIEF**

WHEREFORE, Maria Teti respectfully asks this Honorable Court:

1. Declare Prudential's termination of her long-term disability benefits violated the terms of the Plan and requirement imposed by ERISA.

2. Declare Prudential's termination of her long-term disability benefits violated Prudential fiduciary duties under the Plan and ERISA.

3. Order Prudential to pay long-term disability benefits to Maria Teti, retroactive to August 31, 2009 with interest; and,

4. Award Maria Teti the costs of litigation, including attorney's fees, and such other relief as this Court may deem just and equitable.

Respectfully submitted,

**THE LAW OFFICES OF KEVIN M. SIEGEL**
One Greentree Centre – Suite 201
10000 Lincoln Drive East
Marlton, NJ 08053
PHONE (856) 988-5520
FAX     (856) 504-0140
EMAIL   kevin@kmslawgroup.com
*Attorney for Plaintiff Maria Teti*

By:     ___/s/ Kevin M. Siegel_____

Date:   March 22, 2011                    KEVIN M. SIEGEL